IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FERNANDA FIGUEROA-DÍAZ,<br><br>    Plaintiff<br><br>    v.<br><br>LUIS DE JESÚS-NEGRÓN, et al.,<br><br>    Defendants | CIVIL NO. 10-1339 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Luis de Jesús-Negrón ("De Jesús"), United States of America, and GSA Fleet Management's ("GSA") motion to dismiss (**No. 8**) for lack of subject-matter jurisdiction, and Plaintiff Fernanda Figueroa-Díaz's ("Figueroa") opposition thereto (No. 9). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART.**

**I.   FACTUAL ALLEGATIONS**

On January 22, 2008, Defendant De Jesús was driving in a 2005 Chevrolet along Road No. 2. While in Bayamón, Puerto Rico, Defendant was heading from West to East and was driving in the extreme left lane. When Defendant reached the intersection with Road 29, he did not stop at a red light and, as a result, crashed into the front end of a 1994 Mitsubishi Mirage. Said Mitsubishi was being driven on Road No. 29 and had the green light in its favor.

CIVIL NO. 10-1339 (JP)              -2-

Plaintiff was in the 1994 Mitsubishi Mirage and suffered injuries as a result of said accident.  On the date of the accident, De Jesús was an employee of GSA and was driving his vehicle for the benefit of his employer.

Plaintiff filed the complaint in the Court of First Instance of Bayamón, Puerto Rico.  Defendants later removed the case to the District Court for the District of Puerto Rico.

## II.   LEGAL STANDARD FOR A RULE 12(b)(1) MOTION TO DISMISS

Federal courts are courts of limited jurisdiction.  Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions.  Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002).  A court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

CIVIL NO. 10-1339 (JP)            -3-

## III. ANALYSIS

Defendants request that the case be dismissed with prejudice for lack of subject-matter jurisdiction because: (1) Plaintiff incorrectly brought claims directly against Defendant De Jesús and GSA; and (2) Plaintiff failed to exhaust administrative remedies prior to bringing the case against the United States of America. Plaintiff opposes the motion.  The Court will now consider the parties' arguments.

### A.   Federal Torts Claims Act

The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, provides the mechanism through which individuals can sue the United States government for the tortious conduct of its employees. Lazarini v. United States, 898 F. Supp. 40, 44 (D.P.R. 1995).  It is the exclusive remedy for an action for money damages, injury, loss of property or death caused by the negligent or wrongful actions of federal government employees who are acting within the scope of their employment.  Lora-Rivera v. Drug Enforcement Admin. Department of Justice, 800 F. Supp. 1049, 1050 (D.P.R. 1992).

#### 1.   Claims against De Jesús and GSA

Under the FTCA, only the United States of America may be used *eo nomine*. Marucci de Mangual v. United States, 131 F. Supp. 2d 263, 265 (D.P.R. 2001); Lora-Rivera, 800 F. Supp. at 1050.

In the instant case, Plaintiff brings claims against De Jesús and GSA.  Defendants argue that the claims against De Jesús and GSA

CIVIL NO. 10-1339 (JP)          -4-

should be dismissed with prejudice because the FTCA only provides the Court with jurisdiction to hear the claims against the United States of America.  Plaintiff opposes the motion, arguing that the claims against De Jesús have no bearing on his employment with the federal government, as required by the FTCA, because Plaintiff never claimed that De Jesús was a federal employee.

After considering the arguments, the Court finds that the claims against Defendants De Jesús and GSA should be dismissed with prejudice.  It is settled law that the United States of America, and not the responsible federal agency or federal employee, is the proper Defendant in an FTCA action.  <u>Potter v. Ledesma</u>, 541 F. Supp. 2d 463, 466 (D.P.R. 2008) (citing <u>Galvin v. Occupational Safety & Health Administration</u>, 860 F.2d 181, 183 (5th Cir. 1988)).  As such, the claims against Defendants GSA and De Jesús are dismissed with prejudice.

Plaintiff attempts to avoid this outcome for her claims against De Jesús by arguing that she never claimed that De Jesús was a federal employee and, as such, the claims against him would have no bearing on his federal employment.  However, said argument cannot be reconciled with Plaintiff's own allegations in the complaint.  In her complaint, Plaintiff clearly states that De Jesús is an employee of GSA.[1]  Moreover, Plaintiff alleged that De Jesús was driving the

---

1.   In the complaint Plaintiff mistakenly referred to GSA Fleet Management as GST Fleet Management.

CIVIL NO. 10-1339 (JP)           -5-

vehicle for the benefit of his employer.  From said allegations, the Court finds that Plaintiff did claim that De Jesús was a federal employee and, even more, appears to be claiming that De Jesús was acting within the scope of his employment.  Accordingly, the Court will dismiss the claims against De Jesús with prejudice.

### 2.   Claims against the United States of America

In the instant case, Defendants also argue that the claims against the United States of America should be dismissed with prejudice since Plaintiff has failed to exhaust her administrative remedies.  Plaintiff admits that it filed this case prior to exhausting administrative remedies, but argues that dismissal should be without prejudice because Plaintiff can still file the claim after she has properly exhausted the administrative remedies.[2]

The Court agrees with Plaintiff.  The FTCA requires exhaustion of administrative remedies prior to the initiation of a civil action.  Quiñones v. United States, 556 F. Supp. 2d 71, 74 (D.P.R. 2008).  Since it appears from the briefs before the Court that the time period for seeking administrative remedies has not elapsed, Plaintiff still has the option of bringing a case against Defendant United States of America after the administrative remedies available have

---

2.   Plaintiff's admission, in her opposition, that the claims are premature relates to her claims against GSA.  The Court interprets this argument to apply to Defendant United States of America as opposed to GSA because, as explained above, GSA is not a proper party to this action.

CIVIL NO. 10-1339 (JP)            -6-

been exhausted.  As such, the Court finds that dismissal without prejudice is appropriate.

**IV.  CONCLUSION**

Thus, the Court: (1) **DISMISSES WITH PREJUDICE** the claims against Defendants De Jesús and GSA; and (2) **DISMISSES WITHOUT PREJUDICE** the claims against Defendant United States of America.  A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of June, 2010.

                                            s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE